**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 13-00227** |
| **STANLEY SCOTT** | **SECTION "B"** |

### ORDER AND REASONS

Before the Court is Petitioner Stanley Scott's Motion for Post-Conviction Relief pursuant to 28 U.S.C. §2255 (Rec. Doc. No. 523), and the Government's Response in Opposition (Rec. Doc. No. 533).

For the reasons below, **IT IS ORDERED** that Petitioner's Motion for Post-Conviction Relief is **DENIED**.

**FACTS AND PROCEDURAL HISTORY**

In December of 2014, a federal grand jury indicted Petitioner Stanley Scott ("Petitioner") and five other defendants charging them with multiple criminal counts, including: RICO[1] conspiracy, conspiracy to distribute controlled substances, violent crimes in furtherance of or in relation to racketeering. Rec. Doc. 163. Specifically, the indictment charged Petitioner with a total of nine counts. *Id.* Petitioner accepted a plea agreement with the Government, where he plead guilty to six counts and waived his

---
[1] The Racketeer Influenced and Corrupt Organization Act, 18 U.S.C.A. § 1962.

rights to challenge: 1) the Court's sentence, and 2) the "manner in which the sentence was determined[.]" Rec. Doc. 271 at 2-4. The terms of the plea agreement also provided that the Government would refrain from filing a bill of information containing two prior felony convictions. The plea agreement further stated that the Government would request dismissal of the remaining three counts. Rec. Doc. 271 at 2.

On March 11, 2016, the Court held a plea hearing where petitioner acknowledged he reviewed the plea agreement with his counselor and that he understood and accepted all the terms of the plea agreement. Rec. Doc. 533; Rec. Doc. 391 at 9:4-9:10. At the same hearing, the Court informed petitioner of the mandatory minimum and maximum sentences applicable to his guilty plea on each of the six counts. Rec. Doc 533; Rec. Doc. 391 at 10:13-13:22. The Court further cautioned petitioner that any sentence suggested to him by his counsel, the Government, or anyone else was not binding upon the Court. Rec. Doc. 533; Rec. Doc. 391 at 24:2-24:12. Petitioner affirmed his understanding of the Court's caution and acknowledged his intent to maintain is guilty plea. *Id.* Although petitioner's counsel admitted that he provided petitioner with his expected sentencing range, Rec. Doc. 391 at 48:9-48:16, petitioner acknowledged that his lawyer never guaranteed him any specific sentence. *Id.* at 46:5–46:12.

Following the plea hearing, the Government filed a sentencing memorandum for an upward departure of petitioner's sentencing. Rec. Doc. 374. In its memorandum, the Government asserted that petitioner and other defendants committed a murder in furtherance of the RICO enterprise conspiracy. *Id.* Petitioner's lawyer filed multiple objections to the enhancement. Rec. Docs. 337, 389, 404. Petitioner also filed objections to a pre-sentence investigation report ("PSR") issued by the United States Probation Officer, Rec. Doc. 359, arguing that the PSR should not assessed as a first-degree murder. *Id.* at 51-54. The Court overruled petitioner's objections at the sentencing hearing, Rec. Doc. 461 at 37:13-39:15, and sentenced petitioner to 480 months (40 years) of imprisonment. *Id.* at 99:11 – 100:7.

Petitioner appealed the Court's sentence, arguing that the Court erred in considering a related homicide as a first-degree murder in its sentencing calculation. United States V. Stanley Scott, No. 16-30311 (5th Cir. 2016). The Government filed a motion to dismiss, asserting to the Fifth Circuit that Petitioner waived his right to appeal sentencing matter as apart of terms of the plea agreement. Rec. Doc. 271 at 4. The Fifth Circuit agreed and granted the Government's motion to dismiss. United States V. Stanley Scott, No. 16-30311 (5th Cir. Oct. 12, 2016), ECF No. 00513715574. The instant *pro se* motion followed.

**PARTIES' CONTENTIONS**

Petitioner filed for post-conviction relief asserting four issues of error: (1) he made an unknowing and unintelligent guilty plea because trial court counsel was ineffective by failing to inform him that the Court could consider the homicide in its sentencing; (2) the Government breached the plea agreement by informing the Court of the homicide; (3) he received an illegal sentence because his trial lawyer promised him a lower sentence if he accepted the plea agreement; and (4) his trial counselor ineffectively assisted him by failing to challenge the Government's sufficiency of proof that Petitioner was involved in the homicide. Rec. Doc. 523 at 4-8.

In his post-conviction motion, petitioner contends that he did not raise the breach of the plea agreement claim on direct appeal because his appellate counselor believed it held no merit. *Id.* at 7. Lastly, petitioner asserts that he did not raise the remaining claims on direct appeal because his appellate lawyer told him he could not. *Id.* at 4-5,8.

The Government filed a response, objecting to petitioner's motion. Rec Doc. 533. The Government argues that petitioner's claims are procedurally barred because petitioner did not raise instant claims on direct appeal, *Id.* at 8-9, and failed to show actual prejudice, e.g. but for his counselors advice he would have received a lower sentence or even went to trial. *Id.* at 21. The

Government also argues that neither of petitioner's counselors were ineffective because petitioner's trial attorney correctly informed petitioner that the Court could consider relevant conduct for his sentencing, *Id.* at 14, and petitioners appellate counsel made a tactical decision, considering petitioner's plea wavier, to not raise the issue of the Government's sufficiency of the evidence regarding petitioner's involvement in the homicide. *Id.* at 19.

**LAW AND ANALYSIS**

According to 28 U.S.C. §2255, a federal prisoner serving a court-imposed sentence may move the imposing court to vacate, set aside or correct the sentence. Section 2255 provides four grounds for filing a pursuant motion: 1) that the sentence was imposed in violation of the Constitution or law of the United States; 2) that the court lacked jurisdiction to impose the prisoner's sentence; 3) that the imposed sentence exceeded the maximum authorized by law; or 4) that the sentence is "otherwise subject to collateral attack." An evidentiary hearing is not required when the petitioner only raises "legal claims that can be resolved without the taking of additional evidence." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989).

Non-constitutional claims that are not raised on direct appeal are procedurally barred from §2255 collateral review. However, the petitioner may raise the issue on collateral review if the petitioner can establish both "cause" for the procedural

5

default and "actual prejudice" resulted from the error. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). To prove "cause" the petitioner must "show that some objective factor external to his defense prevented him from raising the claim in the initial motion." United *States v. Flores*, 981 F.2d 231, 235 (5th Cir. 1993).

Here, Petitioner does not establish the requisite "cause" for the procedural default. Petitioner does not show that his counsel was ineffective for not raising the breach of the plea agreement claim on direct appeal because the attorney made a tactical decision not to raise the issues on direct appeal. Petitioner's appellate counselor believed the claim lacked merit, taking note that Petitioner's co-defendant unsuccessfully raised the same issue on their direct appeal, *United States v. Akein Scott*, 857 F.3d 241, 245 (5th Cir. 2017). Petitioner makes no mention of any other possible objective factor external to his defense preventing him from raising the claim on direct appeal. Therefore, petitioner does not demonstrate "cause" for his procedural default. Thus, this claim is procedurally barred from §2255 review.

Nevertheless, claims for ineffective assistant of counsel are reviewed under the United States Supreme Court's standard delineated in *Strickland v. Washington*, 466 U.S. 668 (1984). The *Strickland* standard is a two-prong test requiring the defendant to prove that counsel's performance fell below an objective standard

of reasonableness **and** prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceedings. 466 U.S. at 687 (emphasis added). The *Strickland* standard applies to ineffective assistance claims against both trial and appellate counselors. *Id.*

The first prong of the *Strickland* standard is proven when the petitioner identifies specific act(s) that the court determines fell outside the bounds of a lawyer's "reasonable professional judgment." *Id.* at 690. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and "considered sound trial strategy." *Strickland*, 466 U.S. at 689. However, a counselor's trial tactics can fall outside the bounds of a lawyer's reasonable professional judgment if the decision was "so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325 (5th Cir. 2002).

In order to prove the "prejudice" prong of *Strickland* standard the Petitioner must establish that the "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A petitioner may prove prejudice in regard to a plea agreement, when the petitioner shows that "there is a reasonable probability that,

7

but for, counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Here, Petitioner is arguing that his plea was unknowing and unintelligent as a result of ineffective assistance of counsel received during plea negotiations and sentencing. "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 30 (U.S. 1970). When the "defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill*, 474 U.S. at 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

To establish ineffective assistance of counsel during sentencing, the petitioner must prove that counselor failed to raise "solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention," *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009) (citation omitted), and that prejudice occurred by the showing a reasonable probability that, but for, his attorney's

action, he would have received a lower sentence. *United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004).

Considering the above, the actions and advice of petitioner's counsel at trial did not amount to ineffective assistance because counselor's performance did not fall outside of objective reasonableness. Petitioner's counsel was not ineffective in calculating petitioner's sentencing guidelines because at the time of the calculation, Petitioner's trial counselor was unaware that the homicide would be relevant conduct considered by the Court. The homicide that the Court later considered during sentencing was not raised until after counsel's calculation and petitioner's acceptance of the plea agreement. It should also be noted that sufficient time was given to object to the use of relevant conduct enhancement as well as prepare for a hearing on that issue. Petitioner fails to prove that he would have obtained a lesser sentence if he did not accept the plea agreement.

New Orleans, Louisiana, this 21st day of February, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE