UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-227 |
| STANLEY SCOTT | SECTION "B"(1) |

## ORDER AND REASONS

Before the Court is a "Motion to Relieve Scott from this Court Opinion and Final Judgment Under Fed. R. Civ. 60(b)(6)" **(Rec. Doc. 601)** filed by petitioner Stanley Scott ("Scott"); the Government's opposition (Rec. Doc. 604); and Scott's reply (Rec. Doc. 612). After careful consideration,

**IT IS HEREBY ORDERED** that Scott's motion viewed as a request to proceed with a successive § 2255 motion is **transferred to Court of Appeals for the Fifth Circuit** for further proceedings.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 11, 2014, a federal grand jury returned a Third Superseding Indictment (the "Indictment") charging Scott and five other defendants with RICO Conspiracy, violent crimes in aid of racketeering, conspiracy to distribute heroin and crack cocaine, and other offenses. Rec. Doc. 163. Scott was charged in Counts 1, 2, 3, 7, 8, 11, 12, 13, and 14. *Id.* The Indictment alleged Scott and the other defendants were members of a RICO enterprise called "FnD," which engaged in, among other things, "conspiracy to distribute controlled substances, distribution of controlled substances, acts involving murder, assault with firearms, obstruction of justice, interstate travel in aid of racketeering, and other offenses." *Id.* at 2.

1

On September 9, 2015, Scott pled guilty Counts 1, 2, 8, 11, and 13 of the Indictment. Rec. Doc. 271. Scott's plea agreement advised him of his appellate rights, including his right to appeal his conviction, sentence, restitution, fine, and judgment by the district court pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. *Id*. at 4. The plea agreement provided that in exchange for his plea and waiver of specified appellate rights, the Government would request the Court dismiss all other pending counts at sentencing and would not file a bill of information regarding Scott's two prior felony drug convictions. *Id*. at 2–3.[1] Critically, Scott also agreed to "waive[] and give[] up any . . . right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment[.]" *Id.* at 4. Scott also acknowledged the Court possessed the authority and discretion "to consider any and all 'relevant conduct' that [Scott] was involved in during the course of the conspiracy, the nature and circumstances of the offenses, and the history and characteristics of" Scott, pursuant to Title 18, United States Code, Sections 3553 and 3661 and Section 1B1.3 of the United States Sentencing Guidelines. *Id.* Finally, the plea agreement clarified Counts 1, 2, and 8 each carried a maximum sentence of life imprisonment, and the Court "could impose the maximum term of imprisonment and fine allowed by law." *Id.* at 2, 4.

The Government subsequently filed a sentencing memorandum and motion for an upward departure of variance as to Scott because of his role in a homicide which occurred in February 2012. Rec. Doc. 374; *see also* Rec. Doc. 604 at 3. Scott's attorney filed several memoranda in opposition to the enhancement. *See* Rec. Docs. 337, 389, 404. The Court held an evidentiary

---

[1] The plea agreement clarified Scott benefitted by avoiding a mandatory life sentence had he been convicted at trial on Count 2. Rec. Doc. 271 at 3 ("The Government also agrees to dismiss the Bill of Information filed on September 1, 2015, charging the defendant with having two prior drug felony convictions pursuant to Title 21, United Stats Code, Section 851, which would have resulted in a mandatory sentence of life imprisonment and a maximum fine of $20,000,000.00 as to Count 2.").

hearing where the Government presented witness testimony of the February 2012 homicide and other overt acts by FnD members. Rec. Doc. 604 at 3. The United States Probation Officer's Presentence Investigation Report ("PSR") calculated Scott's total offense level as 42, with a criminal history category III. Rec. Doc. 359 at 37–38. This resulted in a guideline range of 360 months to life. *Id.* at 42. Scott's attorney submitted objections to the PSR, including an objection that the aforementioned February 2012 homicide should not be included in the offense level, and that it should not be assessed as first-degree murder. *Id.* at 51–54. During the March 29, 2016 sentencing hearing, the Court overruled Scott's objections and sentenced Scott to 480 months of imprisonment. Rec. Doc. 461.[2]

### A.     Scott's Appeal

Scott timely filed a notice of appeal. Rec. Doc. 419. The Government filed a motion to dismiss Scott's appeal based on the terms of Scott's plea agreement, in which Scott waived his right "to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to [Scott's] sentence and judgment[.]" Rec. Doc. 271 at 4. On September 19, 2016, the Fifth Circuit granted the Government's motion and dismissed Scott's appeal. Order, Fifth Circuit Case No. 16-30311, Doc. No. 00513682703.

### B.     Scott's 2017 Filed Motion to Vacate Conviction and Sentence

On September 18, 2017, Scott filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Rec. Doc. 523. Scott asserted ineffective assistance of counsel, arguing

---

[2] This sentence consisted of 360 months as to each of Counts 1 and 2, and a term of 240 months as to Counts 3, 11, and 13, to be served concurrently with each other, and a term of 120 months as to Count 8 to be served consecutively with all other sentences. Rec. Doc. 461.

that his counsel did not notify him of conduct that could enhance his sentence; did not inform him of the consequences of his plea agreement; did not challenge the government's proof of his involvement at his sentencing hearing; and that his lawyer incorrectly informed him of term he would receive if he pled guilty. *Id.* at 4-5, 8. Scott also asserted that the Government breached his plea agreement. *Id.* at 6.

On February 21, 2018, the Court denied Scott's motion to vacate. Rec. Doc. 536. Regarding Scott's claims of ineffective assistance of counsel, the Court concluded that the actions and advice of his attorney did not amount to ineffective assistance because the attorney's performance did not fall outside of objective reasonableness. *Id.* at 8-9. The Court also determined that Scott's claim for breach of plea agreement was procedurally barred because Scott failed to show the requisite "cause" for the procedural default and "actual prejudice" resulting from any purported error. *Id.* at 5-6.

A little over 4 years after the denial of the latter Section 2255 motion to vacate, Scott filed on November 14, 2022 the instant successive Section 2255 challenge to his conviction and sentence

## LAW AND ANALYSIS

### A.   Standard of Review

Federal Rule of Civil Procedure Rule 60(b)(6) provides that the court may relieve a party of a final judgment for any other reason than 60(b) (1-5) that justifies relief. Fed. R. Civ. P. 60(b)(6). The Federal Rules of Civil Procedure apply to *habeas corpus* proceedings when the practice in those proceedings is not specified in a federal statute, 28 U.S.C. §§ 2254 or 2255. Fed. R. Civ. P. 81(a)(4). However, when a federal prisoner seeks relief under Fed. R. Civ. P. 60(b), the district court must determine whether the defendant's motion is truly a Fed. R. Civ. P. 60(b) motion

or is a successive 28 U.S.C. § 2255 petition cloaked as a 60(b) motion. *See United States v. Jiminez-Garcia*, 951 F.3d 704, 705 (5th Cir. 2020) (remanding case to district court to determine whether Rule 60 motion filed by federal prisoner amounted to an unauthorized successive § 2255 motion). Therefore, as a threshold matter, this Court must determine whether the Defendant's filing is a Fed. R. Civ. P. 60(b)(6) motion or a 28 U.S.C. § 2255 petition that must be authorized by the United States Court of Appeals for the Fifth Circuit before filing. *See id.* ("[W]e can still remand to the district court to conduct the threshold determination of whether [petitioner]'s Rule 60(b) motion amounts to an unauthorized successive § 2255 motion.").

### B. Scott's Instant Motion is a Successive 28 U.S.C. § 2255 Motion

Scott's instant motion is a successive 28 U.S.C. § 2255 motion that must be authorized by the Fifth Circuit before this Court has jurisdiction. A 60(b) motion is a successive § 2255 habeas petition when the motion presents substantive claims, claims on the merits, or raises new claims that attack an underlying conviction and sentence. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (applying this treatment to a 60(b) motion after disposition on a § 2254 motion); *see also U.S. v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) (applying *Gonzalez* to a § 2255 motion). A motion "is successive when it 'raises a claim ... that was or could have been raised in an earlier [motion]...." *See In re Edwards*, 865 F.3d 197, 203 (5th Cir. 2017) (quoting *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008)). A Fed. R. Civ. P. 60(b) motion is labeled correctly when it attacks a procedural defect in previous § 2255 proceedings. *See Gonzalez*, 545 U.S. at 532. A Fed. R. Civ. P. 60(b) motion is not successive if it challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.*

Defendant's motion is a successive 28 U.S.C. § 2255 motion because it presents substantive claims that attack his underlying conviction and sentence. Scott's instant claim is that the government breached their plea agreement and that the Court's order from his 2017 motion to vacate failed to address this ground for vacating his sentence. Rec. Doc. 601 at 3; Rec. Doc. 604 at 6. This is a substantive claim because it challenges and attacks his underlying conviction and sentence rather than procedural defects in his prior *habeas* proceeding. *Gonzalez*, 545 U.S. at 532; *see also U.S. v. Ciprano*, No. 92-350, 2014 WL 4635549, at *2-3 (E.D. La. Sept. 15, 2014) (construing petitioner's 60(b) motion as a successive § 2255 motion because petitioner raised substantive challenges to his conviction and sentence and challenged the merits of his first § 2255 motion); *United States v. Williams*, No. 08-132, 2017 WL 10438753, at *2 (E.D. La. Aug. 17, 2017) (construing petitioner's 60(b) motion as a succession successive § 2255 because his claims operate as an attack on his underlying conviction and sentence and are thus substantive claims rather than procedural defects in his prior habeas proceeding). Because Scott's claim was also raised in his previous § 2255 motion, this also extinguishes Scott's contention that his filing is a Rule 60(b) motion. This same claim was raised in his previous § 2255 motion to vacate and this Court addressed it on the merits, concluding that there were no grounds entitling him to habeas corpus relief. *See Edwards*, 865 F.3d at 203.

Since Scott's motion solely contains substantive claims that attack his underlying conviction and sentence, the instant filing is a successive habeas motion and not a Rule 60(b) motion. Accordingly, absent authorization from the Fifth Circuit, this Court lacks jurisdiction to consider Scott's § 2255 motion.

**C.    Scott's Successive § 2255 Motion Must be Dismissed for Lack of Jurisdiction**

Scott lacks the requisite authorization from the Fifth Circuit to file his § 2255 motion, thus, this Court lacks jurisdiction to consider Scott's motion and it must be dismissed. Title 28, United States Code, Section 2255, provides that this Court cannot entertain a second or successive § 2255 motion until after the Fifth Circuit authorizes the filing of such a motion. *See* 28 U.S.C. § 2255. "[T]he purpose of this provision was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Scott has failed to obtain the necessary authorization from the Fifth Circuit prior to filing his successive § 2255 motion to vacate. Absent the requisite authorization, this Court is without jurisdiction to consider Scott's claim. *See Key*, 205 F.3d at 774.

Accordingly, the motion is transferred to the Fifth Circuit to determine whether authorization is warranted for the filing of this successive § 2255 motion.

New Orleans, Louisiana this 16th day of January 2024

_____
Senior United States District Judge